Good morning. Judge Pryor and I are delighted to have Judge Ruiz with us here from the Southern District of Florida, assisting us in deciding these appeals this week. We really appreciate your help this week, Judge Ruiz. Thank you, Judge. We have four appeals that are scheduled for argument this morning. The first is the United States of America v. Chavar Harrison. Justin Davids is here for the appellant Harrison. Michael Label is here for the appellant United States, and Michael Label is here for Mr. Harrison. Mr. Davids, you may begin. Good morning. May it please the Court, my name is Justin Davids. I am an assistant U.S. attorney for the Southern District of Georgia, and I represent the appellant, the United States of America. Your Honor, the issue for the Court is whether Georgia's robbery by intimidation statute is a crime of violence under the enumerated and elements clauses of Sentencing Guideline 4B.1.2. In reaching a conclusion, this Court must first determine whether Georgia's robbery statute section 16-8-40 is divisible. Based on the text of the statute, Georgia case law, Georgia's patent jury instructions, and Mr. Harrison's own judgment of conviction, the answer to divisibility is yes. Did you say Georgia case law? Yes, Your Honor. Well, what about Nelson v. State and Hogan v. State? Those cases go against you, don't they? Actually, Your Honor, Nelson v. State, a Georgia Supreme Court case from 1948, is actually in support of the government. How about Kilpatrick? Kilpatrick, actually, the Georgia Court of Appeals case from 2005. That case is interesting in that that case actually involved the defendant complaining about the jury instruction that was given, and the defendant actually had requested the patent jury instruction, which described apprehension of life or limb in relation to robbery by intimidation, and that was not the instruction that was given. Because apprehension of life and limb, as described in the jury instructions, was really just a means. It was a way to commit by intimidation, but life and limb is not in the statute itself. What would you say, Mr. Millender? I think this probably shows you that we're all over the place a little bit on the Georgia case law, but would Millender support your position that it's divisible? Right. Well, yeah, it does, because it's similar to a lot of Georgia case law, and I think when we look at Georgia case law, we have to take a step back. We're being controlled by the Supreme Court's decision in Mathis here, correct? And when Mathis talks about elements and means, I think we need to recognize that what we're getting at is we need to determine what is an element, what has legal consequence, as Mathis describes. Well, you would say, and correct me if I'm wrong, but Mathis also is telling us, look at the statute first before we get into the case law. The text of the statute, right? I don't want to say there's degrees, so maybe if we go back and you open with that, and I don't want to interrupt your thought, but is there support in the text specifically when we look at armed robbery, understanding that we are dealing with robbery by intimidation, but armed robbery by its plain text has as a lesser included offense, does it not? Robbery by intimidation. And the case law, I believe Millinder and others have suggested that the other lessors, such as robbery by sudden snatch or the violence prong, are as a matter of law included as lessors. So my question to you, you pointed out that Mathis starts with the text, how do we reconcile or how does that support divisibility if you have it specifically enumerated as a lesser? It would seem to me that it is broken as its own standalone element-based crime. Yes, I believe that's true. I mean, I think one of our canons of statutory interpretations that we have to give meaning to every word that the legislature included, I think that if the is a lesser included, it would have just written robbery, but it must have attached legal significance to by intimidation. And again, that's what Mathis instructs us as an element, is elements have legal consequences, means are simply facts that have no legal consequence. And just to circle back on George's case law to address Nelson v. State, Nelson v. State is actually cited by Judge Julie Karn's decision in Lloyd for this proposition, and it does state this. It's on page 494 of Nelson v. State, and it's part of a lawyer's briefing, although Nelson v. State was cited. But as part of that sentence, it's quote, the indictment must therefore allege that the taking was by force or by intimidation, comma, putting in fear. Which is inconsistent with the Fourth Circuit's resolution of the issue in Fluker, right? Sure. So I guess my concern is that, you know, you got, it's a close call in their cases, both ways. And Judge Hall sort of struggled with determining whether or not the statute is divisible or indivisible, and he applied the rule of lenity in this, therefore, a perfect case for the application of the rule of lenity? I don't believe so, Your Honor. I believe that this Court has wrestled with statutes that are much less obvious divisible in Gundy and in Oliver, and was able to come to the conclusion of divisibility. If we looked at Gundy and Oliver, unlike the robbery statute here, that was just one section with, you know, to the text of the statute. Robbery is actually then separated into three separate subsections, A1 by force, A2 by intimidation, A3 by sudden snatching. They're separated by semicolons. They're joined by the destructive or. And this all, as Mathis describes, suggests that they are, it's an exhaustive list that suggests exclusion, that one excludes the other. And isn't it correct that you mentioned Lloyd, but in Avery, this Court has stated that. In Avery, they noted that it delineates, and for support, they cite Holcomb from the Georgia Supreme Court, but we have stated that it delineates a series of separate robbery crimes, including robbery by intimidation, suggesting, as you're pointing out, that it is broken up into three separate elements. Is that right? And, you know, following up on Judge Wilson's question on lenity, because I know you've both briefed it, Mathis, as I understand it, seems to build lenity into the equation. And by that, I mean that if there is ambiguity, as Judge Wilson's noted with the case law and perhaps the Shepard documents below, we are instructed to give the benefit to the defendant in that context for indivisibility. Is that correct? So it's already baked in, I guess, is my question. Is that how you see it? That's correct, Judge. Okay. If after you go through these three steps, it's still unclear, then the topic's to the defendant. Right. And it would be indivisible, is what would happen, right? We would have to find it. I believe that's how Mathis says it. If we can't divine it, we go to our categorical approach, and we stay with indivisibility, right? Okay, all right. And here, again, going back briefly to the text we've already discussed, 16-8-41 is the armed robbery statute. It's the statute that's right next to the general robbery statute. It includes this separate definition of robbery, or it specifically says robbery by intimidation is a lesser occluded. When you look at all those together, I believe that suggests divisibility, suggests the exclusion, the inclusion of one excludes the others. Can I ask you, if I could, taking a moment away from divisibility, from the elements and enumerated clauses, Avery and Lloyd were pre-Borden cases. And so I want to understand if the government's position is that really this would no longer work under the elements clause, because after Borden, there's this question of mens rea. And I don't know, I know that in other cases, we've referred this to the Supreme Court for clarity, but would position be from the government that if we get past divisibility, and we find that it is truly elements, that it really would not be under the elements clause anymore, because there's a lack of clarity in whether or not robbery by intimidation could be committed with a sufficient mens rea. So is the government's position, well, we don't have to worry about that because it's only going to be elements? Or enumerated, excuse me. Yeah. Because my understanding of robbery is a specific intent crime, you have to intend to commit the crime. As far as the force necessary, I believe Georgia case law indicates that robbery by intimidation are essentially threats towards a person or another person in a way that makes them fear essentially for themselves or for another person. So you don't believe there's a problem that it could qualify under both clauses? Okay. I believe Borden does not affect the elements clause portion of this. But before you sit down, if I may, I just want to go back to the text of the statute. The text of the statute lists the three different, you call them crimes, but nothing about the text of the statute tells you that they're not means, right? I mean, the listing of different forms of a crime can be means rather than elements. I, what I think the text, yes, it doesn't. I guess, let me. It doesn't say means or elements. Right. So is your argument based on subsection 41 entirely, or is there something about these words in 16-840 that tell us whether these are elements or means? I think that Mathis gives examples of how we know, Mathis and other cases give examples of how we know, or the statute suggests the visibility. I think it being broken out into A1, A2, and A3 is one example. I think that there's no, when we look at cases like, again, Mathis, you know, in that case, it was a burglary. It was, actually, Mathis, I'll go back, gives an example of what would be means. It talks about a statute that would involve a dangerous weapon. And then the statute says, you know, it includes a knife or a gun. And so what the prosecution in the case would just have to show is that it was a dangerous weapon. If one juror believed it was a knife and one was a gun, then it didn't, it would still sustain the conviction because those are both, you know, deadly weapons under the statute. Here, there's no such thing. You know, the legislature could have written robbery is the taking of property from a person or in the presence of a person by some amount of force, comma, such as by actual force, by intimidation, or by sudden snatching. And that would suggest that then maybe there are means, right? Because some amount of force would be all that the prosecution would need to show in order to sustain a conviction. And as long as they showed it was one of those, actual force by intimidation, it would still sustain the conviction. But here, there's no centering, no centering element attached to those. It just goes right into by force, by intimidation, by sudden snatching. I think that suggests the visibility. Mr. Harrison, he's already served his 21-month sentence. He's been released? My understanding is he was released on October 26th and he is on supervision until October 25th of 2025. So what happens if the government prevails? He's re-arrested to serve 10 more months? Your Honor, if the government prevails, it's remanded to the district court and they'll schedule a re-sentencing. I can't anticipate at this point what the district court will do. Okay. All right. Thank you, Mr. Davids. Mr. Label? Thank you. May it please the Court, Mike Label for Shavar Harrison. The government argues that robbery statute that is 16-8-40 is divisible and that the modified categorical approach applies. The government is wrong. As Judge Pryor indicated at the end of the argument of my colleague, the text of the statute does give strong clues that the robbery by force, robbery by intimidation, and robbery by sudden snatching are three means, that is three alternative methods by which robbery can be committed. All three means are subject to the same penalty. That's a strong textual indicator. I will say that in looking at all this over again, the robbery statute was significantly modified in 1968. Subsection A, which is what we're dealing with here, which contains by force, by intimidation, and by sudden snatching was essentially enacted in 1968. It is in a single paragraph in the Sessions laws, and then it was broken out when it was codified in the OCGA. And then in 1984, there was an additional subsection, that's subsection C, which makes the penalty for offenders who commit robbery on a victim who is 65 years or older, 5 to 20 years. So there's an But let's get back to the text of the statute. The text of the statute says a person commits the offense of robbery when, with intent to commit theft, he takes the property of another from the person or the immediate presence of another, and then it goes by force, by intimidation, by sudden snatching. And the word by modifies how robbery can be committed in each of those instances. That's completely consistent with the means or ways interpretation of the statute. Subsection B, which again was part of the 1968 enactment, and if I didn't say it, prior to 1968, there were significant differences in the penalties by robbery by force and robbery by intimidation and such. So although I did as well quote some of these pre-1968 cases in my opening brief or my brief as appellee, I don't think it's very instructive for the court to different penalties, you know, there are different elements, and that's not really going to inform the the question here when the statute was revised significantly in 1968 and they all have the same elements. But beyond that, and that's a point that Judge Cohen seized on in the North case, but beyond that, again, in subsection B, it says a person convicted of the offense of robbery shall be punished by imprisonment not more than 20 years. Counselor, making a lot about the umbrella term of the offense, what would you say to my earlier question that armed robbery, which you know we read in perimeteria all of these statutes, specifies robbery by intimidation as a specific lesser included, and the case law in Georgia makes clear that sudden snatch and violence are as a matter of law included. It seems that the way in which the law has treated them treats them independent of one another, not as an illustrative list of means, but certainly as independent offenses. How would you have us read that specific pronouncement by the legislature that it is a lesser included armed robbery? It's almost in a standalone way. Doesn't that cut towards finding it in elements as opposed to means? No, Your Honor. All of the three alternative means, that is by force, by intimidation, by sudden snatching, are all lesser included offenses of armed robbery. The cases all make that clear. There's a case out of 2015 named Gene v. State. It's not cited in my brief because I didn't realize we're going to get this far, but that's 330 Georgia Appeal 559, 2015, and it upholds a and he was convicted of robbery by sudden snatching. And then there's two cases which go the other way and say armed robbery. They're charged with armed robbery and they're convicted of robbery by force as lesser included of armed robbery. That's McKenzie v. State, 293 Georgia Appeal 350 in 2008, and Pullen v. State, 315 Georgia Appeal 125 in 2012. So they're all lesser included offenses of armed robbery. Obviously armed robbery and robbery are different offenses. The reason that the legislature has that separate sentence in the armed robbery statute that intimidation is a lesser included is because that's natural and as explained in Killender, I believe, you can commit robbery by intimidation without a weapon or an overt showing of force. So that is the natural default that you would, that a jury would go to as a lesser included, but it does not at all signify that they're separate elements. And the case law again all indicates that they are all three lesser included of robbery, excuse me, armed robbery. What would you say is to the jury instructions? We haven't talked about that yet. Both of you have submitted different versions of them, but we know that Shepard documents include the jury instructions. When I go back and look at them, they're fairly clear in that they are bracketed in a way that would show them as alternative elements. You certainly would not give that instruction and charge your jury with all of them included. I mean, there are alternatives and I know the old version seems to suggest that in the beginning there's brackets and then the brackets tend to disappear. I think that might be oversight. It doesn't make sense. You would specifically charge sudden snatch and then leave in all forms in the latter half of the jury instruction. But what would you have us do? Because the revised one does seem to really tell the trial break it down and pick which theory, which I think under the case law would suggest its elements. Sure. I'm glad you asked about the jury instructions. Again, this is another point, if I could do it all over again, I think both sides spend way too much time on the jury instructions. Because under Mathis, we know that you go to the text, you go to the state case law, and only then do you go to the Shepard documents, which would include the record of the case and then the jury instructions. And this court implemented that approach in the Cintron decision where it didn't look at the jury instructions, but it did say that even if we did, you know, that they support our position of indivisibility. Well, let me just say this. As far as the jury instructions, the government has not always been consistent as to which jury instruction applies. If you look at the addendum to the PSI where the government responded to my objections, the defendant's objections, and then that was illuminated on page six of the sentencing transcript. And the government, in this case, has taken a couple different approaches. I do admit that the jury instructions have evolved over time, but in direct response to your Honor's question, we know in 1991, and again in 2017 at least, those are by the jury instructions attached to the Appellee's brief and the appendix. In both of those versions, we don't have those parentheticals. We are reading the third element to include by force, by intimidation, and by slight of snatching. So those are all collectively, you know, for decades, including the time during which my client would have been convicted of his offense in 1997. Well, assuming that the alternatives, the brackets are in there, how do we know whether the brackets are delineating elements that the prosecutor has to tailor the instructions to the facts of the case? Yes, Your Honor. And the government's position, as I understand it, is that the brackets indicate elements, but that proves way too much because under the 2021-2022 versions, the ones that are currently on the internet and the citation that the government has in its brief, it has by force as one parenthetical, by sudden snatching as another, by placing the person in fear of receiving immediate and serious bodily injury as another, and then another longer one by placing the person in fear, blah, blah, blah. What is the government's position that those are six elements? That makes no sense at all. So we know that, again, under the cases that the government cites that Judge Cohen explained, the government is free to charge a specific alternative means of robbery. And if it does, then the jury will be instructed on that. And if not, there will be a material variance. And so presumably the jury instructions then can be tailored to the factual evidence. That's common. But under this reading, even the most recent versions suggest that the jury stock in the disjunctive nature of the statute. Mathis tells us, and our court, and Lloyd, which found this statute to be divisible. I mean, it specifically, I understand it's unpublished, but they found that it needed to be selecting the crime charged. Each one had its own definition of each form of robbery. But we've noted that here they're listed disjunctively. I mean, the way in which a statute, I know there's an umbrella term. Doesn't that seem to suggest that they are elements as opposed to a list of illustrative examples, as Mathis said, because of that disjunctive? Not at all, Your Honor. We know from Mathis that or is necessary, but not sufficient to find a statute divisible. This court said that in Lockett, the January 2016 decision, five months before Mathis. And Mathis reiterated it. And furthermore, in Cintron, we have a Florida drug statute, which the key language is, quote, sells, purchases, manufactures, delivers, or brings into the state, or is known as a national constructive possession of the substance. And the issue, obviously, in that case was whether that statute was divisible or indivisible. Implying the Mathis approach, this court found in its precedential decision that the statute was indivisible. So or is not, doesn't do a whole lot of heavy lifting here. And then we get to the case law. And my colleague did not ever respond to the court's question about Hogan. Hogan is an on-bank decision of the Georgia Court of Appeals, a full court decision in 1986, where the court was analogizing to the Georgia DUI statute, the then newly enacted DUI statute, 40-6-391A. And in that case, Judge Carley stated that 16-8-40A, that's the robbery statute, establishes one crime of robbery, which may be committed by use of force, by intimidation. Well, we've got, I mean, we've got authority going really both ways. And I wonder, you know, we mentioned Lloyd. And I understand it's a, you know, it's a one-judge order. And so I'm wondering how much deference we owe to Judge Julie Karn's decision in Lloyd, where, I mean, our court has already determined that the Georgia robbery statute is divisible. Normally, we're bound by prior precedent. It's an order, but it seems as if we owe some deference to a prior decision by a judge of this court making that determination. Thank you for bringing me back to that. I apologize for not responding directly to the Lloyd case. So, yes, the court obviously can give persuasive weight when the reason and analysis of the counsel in that way, in that direction. That's not the case with the Lloyd. Lloyd, again, is a single-judge order. It came up on a pro se habeas petitioner's motion. And it wasn't, the divisibility or indivisibility question was not subject to briefing. And there was no opportunity for further review by this court. So I would submit that the Lloyd order, the single-judge order, is not entitled to any weight. What about Avery? Avery isn't a single-judge order. Avery was a panel. I recognize that Avery acknowledged the delineated. So maybe you're going to tell me that there was a concession made in that case. But it did rely on Holcomb to find that these were separate robbery crimes, and it dealt with robbery by intimidation specifically like we're dealing with here. And I understand that there was that concession, but it does seem that they also looked, as you pointed out, from a shepherd perspective. They looked at the charging documents as well. Here, my understanding is below, it was a guilty plea to the lesser included, right? But would you say the same thing that Avery should be somewhat sidestepped because of a concession? I mean, I think independently, though, the panel wanted to make sure it was an error of law for that because that's not a single-judge opinion. Avery is more typical of what you would see in a non-presidential decision. But still, the concession does take it out of this world. It was conceded, so the holding does not encompass this fact pattern. And it's not very persuasive. There was no analysis of indivisible or divisibility in that case either. And briefly, I know I'm running out of time, but I would submit that the government has been on Judge Cohen's order in March of 2017, five and a half years ago, that there is a fair reading of the government's cases that, yes, the prosecutor, the DA, and the state court system can pick a means and charge that in the indictment, and then it must be submitted to the jury or charged to the jury in that fashion. But it's not necessary. And there are several cases in which the Georgia courts have upheld a generic robbery conviction where the jury was charged on generic robbery. That is Millinder in 2007, citing Williams in 2005, and Hambrick in 1985. Those are all dead on point. And Bradford in 1985, excuse me. Williams is not in my brief, but it is at 273 Georgia Appeals, 780. Slightly different. It's only two of the three, not robbery by snatching. But otherwise, those three, four cases say that. And we know from Gundy that if a presidential state court decision makes clear that a statute's alternative phrasing simply lists alternative methods of committing the one offense such that a jury need not agree on which alternative method the defendant committed in order to sustain a conviction, then the statute is not divisible. The same thing is cited in the Lockett decision. Again, that's five months before Mathis quoting DeCamp. So that principle, that principle requires a finding of indivisibility. And as the panel indicated in their question to my colleague, Mathis does require that unless the documents and the textual analysis plainly speak to the question, then the free citizen, the defendant, gets the benefit of the doubt. And we must rule in favor of indivisibility. I got your argument, Mr. Label. Thank you. Thank you, Your Honor. And Mr. Davidson, you reserve some time for rebuttal. Thank you, Your Honor. So first, I'm going to respond to what is the general overall argument or basis for Mr. Harrison, which is essentially that the state can choose if it wants to charge by force or by intimidation. And if it does, it has to prove it. But there's nothing that requires it to do so. And first of all, nothing in these jury instructions suggests that that's available to the prosecution. There's nothing in these jury instructions that say that you can, you don't have to choose by, you know, there's no in parentheses general robbery or by force or by intimidation. It just goes into by force, by intimidation. So again, that suggests to me that prosecutors do, are required. And again, I point to Nelson v. State. And I know, again, there's been some debate that there are cases that go either way, but Nelson v. State is a Georgia Supreme Court case that has not been overruled. And it says the indictment must therefore allege that the taking was by force or by intimidation. So those all suggest that these are things that have to be charged in the indictment. Going to the Hogan case, the Hogan case really has nothing to do with robbery. They're using robbery as an example. But it's all dicta. It's also a pre-Mathis case. I don't think that we can assume that Georgia Supreme Court case, or Georgia case law is necessarily using Mathis terms in the way that Mathis intended to do it, particularly 20-some years, 30-some years before Mathis was even decided, and particularly not in an issue that is similar to Mathis. So Hogan doesn't really provide us any assistance. Would you agree that Mathis, what Mathis is telling us to do, because we have to pore over the Georgia case law, and it's telling us to look for holdings that would indicate whether a jury needs to agree on the alternative or not? Because what at least it seems to me is when you go through this case law, there are words sprinkled here and there, methods, elements, thrown around somewhat cavalierly. And the concern I have is we need to make sure we don't read too much into that. Mathis didn't tell us to essentially pick and choose a word like that and then turn that case law into a definitive determination of elements or means. And so when we apply Mathis to these cases, to your earlier point, I think we are guided or instructed to make sure that there's that unanimity portion of the analysis, right? But not that we simply look at the invocation of certain words. What would you say as to that? Because that's where I think the case law is everywhere. That's exactly where I was getting at before when I was talking about pre-Mathis cases. Okay. It is that, you know, there are words sprinkled around, but I don't think that we need to assign too much weight to those when we're looking at it from a Mathis perspective because they're not necessarily being used in the way Mathis suggests that they should be used. We need to be looking at the actual legal consequences of the statute. And I think when we look at Georgia case law, it's clear the legal consequences are if you charge by intimidation and the evidence supports by force, you don't sustain a conviction for robbery. And by force, and those are legal consequences. If those by force or by intimidation were means, it wouldn't matter. You could prove, you could allege one and prove by the other. That, I see my time is up. The government respectfully requests this court take the district court's sentence and remand for resentencing. Thank you, Your Honor. Thank you, Mr. Davids and Mr. Lobel.